## The Continental Bank & Trust Co. of New York, etc., v. Oak Lane Manor Corp. et al.

*Leonard A. Talone* and *Herbert P. Sundheim,* for petitioner.

CORSON, J., May 28, 1937.—In the present foreclosure proceedings the succeeding trustee under the trust mortgage has petitioned for leave to foreclose after an admitted default under the mortgage. The foreclosure proceedings had reached a point where a sale was ready to be decreed when the present petition was filed on behalf of the bondholders who had not deposited their bonds with the so-called protective committee. The first three prayers of the petition pray for and refer to the fixing of a minimum or an upset price at the sale. The fourth asks that the Continental Bank & Trust Company of New York furnish to petitioner a list of the names and addresses of the bondholders. The fifth prayer is for general relief.

As to the fixing of an upset price, the chancellor feels that for the best interest and protection of all parties interested in this property an upset price should be fixed. In the case of Northampton Trust Co., Trustee, v. Northampton Traction Co. et al., 270 Pa. 199, there seems to be some authority that a chancellor has not only the right but perhaps the duty in certain cases to fix an upset price. The ideal situation, perhaps, would be to have the trustee buy the property and form a corporation, issuing stock to each of the bondholders in amounts sufficient to give each stockholder the same proportionate interest in the corporation that his bonds bear to the total bond issue. It may be, however, that a purchaser will appear at the sale and bid a price that will make it appear to be for the best interest of the bondholders to accept such offer. If an upset price is fixed, the trustee will be protected against any claims for negligence in failing to perform any duty that may be imposed upon the trustee to bid for all the bondholders at the foreclosure sale: Nay Aug Lumber Co. v. Scranton Trust Co., 240 Pa. 500, 504, 505; Watson v. Scranton Trust Co., 240 Pa. 507.

The upset price for the protection of the trustee may be particularly necessary in the present case because of the fact that the Continental Bank & Trust Company, as trustee under the mortgage, is also, in another fiduciary

capacity, acting as depository for a bondholders' protective committee which is said to represent 51 percent in amount of the outstanding bonds. The trust company may, therefore, be acting in two capacities and be unable, as a matter of law, faithfully to discharge its obligations in both: See Northampton Trust Co., Trustee, v. Northampton Traction Co. et al., supra, p. 202.

While in the original petition the intervening defendant complained that the bondholders' protective committee had refused to accept any further bonds, yet such bondholders' committee has since agreed to accept any bonds for deposit under the terms of its deposit agreement up to the time of sale. The diverse interest of the trust company is illustrated by the fact that as depository for the protective committee it has a list of the bondholders who have deposited their bonds, yet if we grant the prayer of the intervening defendant directing the trust company as trustee to furnish a list of such depositing bondholders it would cause the trust company, as depository, to violate the confidence of the bondholders' protective committee for which it is acting under the depository agreement. The chancellor feels, however, before any upset price should be fixed, that a hearing must be held to allow the production of testimony by any party interested as to the present value of the mortgaged premises. The following decree, therefore, is entered:

And now, May 28, 1937, it is ordered, adjudged and decreed that in the above foreclosure proceedings a minimum or upset price, below which the property shall not be sold, shall be fixed by the court; that, for the purpose of aiding the court in fixing such minimum price, a hearing is fixed for June 11, 1937, at 1 p.m. (E. S. T.), in courtroom B, at which time any interested party may present testimony as to the present fair market value at a forced sale of the mortgaged premises.

NOTE.—After a hearing, the court on June 24, 1937, entered a decree fixing $212,500 as a minimum price for which the property could be sold. No bids having been received at the sale, the court subsequently reduced the minimum price, at the request of all parties in interest, to $175,000 and at a subsequent sale, the property was sold for $176,000.